UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAYLE J. PILIEGO | CIVIL ACTION |
| VERSUS | NO. 23-5075 |
| WARREN MONTGOMERY ET AL. | SECTION "J"(5) |

## ORDER AND REASONS

Before the Court are a *Motion to Dismiss Pursuant to Rule 12(b)(6) and, in the alternative, Motion for a More Definite Statement Pursuant to Rule 12(e)* **(Rec. Doc. 28)** filed by Defendants, Deputy John Dupuy and St. Tammany Parish Sheriff Randy Smith (collectively "the Sheriff Defendants") and a *Motion to Dismiss* **(Rec. Doc. 29)** filed by Defendants, present or former Assistant District Attorneys Will Macke, Taylor Nicholson, Darrell Sims and Patricia Amos (collectively "the DA Defendants"). Plaintiff opposed each motion; (Rec. Docs. 30, 31); and Defendants each filed a reply memorandum; (Rec. Docs. 37, 39). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motions to dismiss **(Rec. Doc. 28, 29)** should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff Kayle Piliego alleges that, in December 2018, she obtained ownership of a certain immovable property in St. Tammany Parish, Louisiana, and that in 2020, she leased the property via AirBnB. Her neighbors submitted noise complaints against the property, and Plaintiff claims that Defendants then worked in concert with each other to drive her out of her home in St. Tammany Parish.

1

Plaintiff filed the instant action on September 5, 2023. The Complaint includes five claims: (1) defamation and intentional infliction of emotional distress; (2) unlawful arrest, sexual assault, and violation of due process; (3) malicious prosecution; (4) second unlawful arrest; and (5) second malicious prosecution. (Rec. Doc. 1, at 13). Plaintiff had previously filed two similar lawsuits based on the same facts. First, on June 14, 2023, she filed suit in this court against four of the defendants in this case, but the case was dismissed for insufficient service of process. *Piliego v. Kilie et al.*, No. 21-1149 Rec. Doc. 10 (E.D. La. Feb. 9, 2022). On February 27, 2023, Plaintiff filed a second complaint in the Eastern District of Arkansas alleging damages for the same events alleged in this action, but that case was dismissed for lack of personal jurisdiction. *Piliego v. Dupuy*, No. 23-148, 2023 WL 5097901 (E.D. Ark. Aug. 9, 2023).

Defendants Anthony Eschete, Andre Tabony, Jocelyn Lockhart, Linda Miller, and Malou Maxwell filed a motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(5), arguing that Plaintiff's claims, based on alleged tortious conduct in 2020, clearly fall outside of Louisiana's one-year prescriptive period for delictual actions. (Rec. Doc. 19). Because Plaintiff failed to oppose the motion and because the motion appeared to have merit, the Court granted the motion and dismissed all claims against those movants with prejudice on October 19, 2023. (Rec. Doc. 27).

The Sheriff Defendants filed the instant motion to dismiss or for more definite statement on October 19, 2023, and the DA Defendants filed their motion to dismiss on October 24, 2023.

## **LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading which sets for a claim for relief shall contain "a short and

plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required. Fed. R. Civ. P. 9(f). As Wright and Miller explain:

> If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) rather than Rule 12(e). If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.

5C Wright & Miller, Fed. Prac. and Proc. § 1376 (3d ed.).

As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement. Such a motion is inappropriate where the information sought can otherwise be obtained by discovery. *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). When a defendant needs additional information to prepare for trial, discovery is the proper procedure instead of a 12(e) motion. *Federal Deposit Ins. Corp. v. Fidelity and Deposit Co. of Md.*, 118 F.R.D. 435, 437 (M.D. La. 1988). This motion is further disfavored when "the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion." *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y.1990).

## DISCUSSION

### I. The Sheriff Defendants' motion

Plaintiff's allegations against the Sheriff Defendants include Count One, Count Two and Count Four. Count One includes claims for defamation and intentional infliction of emotional distress, alleging that the St. Tammany Parish Sheriff's Office was negligent and complicit by "not investigating and putting a stop" to Plaintiff's neighbors' thirty complaints against her. Count Two, the claim for unlawful arrest, sexual assault and violation of due process, alleges that, in execution of a Temporary Protective Order (TPO) on June 14, 2021, Defendant John Dupuy unlawfully arrested her and, during that arrest, sexually assaulted her. Plaintiff claims that she was then transported to jail and deprived of liberty for 24 hours. Count Four alleges another unlawful arrest claim: that the sheriffs unlawfully arrested her on July 29, 2020 for violating a TPO and deprived her of liberty for 24 hours while in jail.[1]

### A. Count One: Defamation or Intentional Infliction of Emotional Distress

The Sheriff Defendants argue that Plaintiff failed to plead sufficient facts to support a defamation claim or an intentional infliction of emotional distress claim. Under Louisiana law, defamation claims require a plaintiff to establish four elements: "(1) a false and defamatory statement concerning another; (2) an

---

[1] The Sheriff Defendants also provide arguments as to dismissal of Plaintiffs' claims in Counts Three and Five "out of an abundance of caution," because the Plaintiff's complaint is unclear if she is assigning those claims to the Sheriff Defendants. (Rec. Doc. 28-1, at 9). However, a review of the Complaint shows that those claims (malicious prosecution) are alleged regarding the DA Defendants' conduct, not the Sherriff Defendants'.

unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004) (citation omitted). In this case, the Complaint makes no reference to any statement made by the Sheriff Defendants or other Defendants. Plaintiff's opposition memorandum, which purports to provide a more definite statement of the claim, also fails to identify any defamatory statement by any of the Defendants. (Rec. Doc. 30). Because Plaintiff's Complaint failed to allege facts to satisfy the first element of a defamation claim, this claim must be dismissed.

For a plaintiff to recover for a claim of intentional infliction of emotional distress, they must establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Perrone v. Rogers*, 2017-0509 234 So. 3d 153, 158 (La. App. 1 Cir. 2017); *writ denied* 269 So. 3d 709 (La. 2018) (citing *White v. Monsanto Company*, 585 So. 2d 1205 (La. 1991)). In this case, Plaintiff has not pled any specific facts showing that Defendants' conduct was extreme or outrageous or that Defendant desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain. Plaintiff's opposition memorandum also fails to plead any facts to support a claim for intentional infliction of emotional distress. (Rec. Doc. 30). Accordingly, Plaintiff's claims against all Defendants in Count One must be dismissed.

6

## B. Count Two: Unlawful Arrest, Sexual Assault, Violation of Due Process

In Count Two of her Complaint, Plaintiff alleges that, under 18 U.S.C. § 1983, Defendants violated her Fourth Amendment rights and deprived her of due process by executing an unlawful arrest. To state a claim under section 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). "The constitutional claim of false arrest requires a showing of no probable cause."[2] *Torns v. City of Jackson*, 622 F. App'x 414, 417 (5th Cir. 2015) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)). Thus, "plaintiffs must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Club Retro*, 568 F.3d at 207. Probable cause exists when the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir. 2000)).

---

[2] "A false arrest claim also requires a showing that any resulting 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Club Retro*, 568 F.3d at 204 n. 18 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Defendants do not contend that Plaintiff failed to satisfy this element or that Plaintiff have failed to adequately allege a violation of her constitutional rights.

7

The Sheriff Defendants argue that Plaintiff's Complaint cites no facts to indicate a lack of probable cause and simply states that the TPO was unlawfully executed. (Rec. Doc. 28-1, at 7). They also assert that the Complaint's vague, conclusory allegation of sexual assault by John Dupury during the arrest does not create a claim that is plausible on its face, so Plaintiff's claims in Count Two should be dismissed. *Id.* at 8.

In response, Plaintiff seeks to provide new information regarding Count Two:

> . . . the arrest was unlawful due to the fact that she didn't have enough time to read the ex parte TPO nor respond and challenge it pursuant to 18 U.S.C. 2265, and that there was no probable cause for arrest because she had moved the music inside and was playing Christian music at low volume when Dupuy barged into her home.
>
> Therefore, Deputy Dupuy violated Movant's due process pursuant to 18 U.S.C. 2265 and 28 U.S.C. 1983 by his outrageous and intolerable conduct during the arrest, and violated her Fifth Amendment and Fourteenth Amendment protections against loss of liberty by unlawfully arresting her a placing her in jail. It should also be noted that the arrest was during the height of COVID and because Movant suffers from chronic bronchitis as well as asthma, the stress of being closely housed with numerous other inmates exacerbated the ordeal.

(Rec. Doc. 30, at 3-4). These facts do not show that Defendants lacked probable cause for Plaintiff's arrest, nor does this addition adequately support her claims for sexual assault or a violation of Due Process. Instead, Plaintiff attempts to save her claims by providing her own legal conclusions and irrelevant detail. Accordingly, the Court concludes that Plaintiff failed to plead sufficient facts to support the claims in Count Two, and therefore her claims for unlawful arrest, sexual assault, and violation of due process shall be dismissed with prejudice.

### C. Count Four: Unlawful Arrest

8

The Sheriff Defendants next argue that the same standard outlined in response to Count Two applies again for Count Four. In Count Four, Plaintiff alleges that her neighbor lodged a complaint against her because she was allegedly violating her TPO by playing loud music. (Rec. Doc. 1, at 12). Plaintiff claims that her neighbor took a video showing loud music was being played to convince the Sheriff to arrest Plaintiff; however, at Plaintiff's trial, the video was found to have been altered. *Id.* The Sheriff Defendants contend that a video depicting Plaintiff violating a TPO is enough to convince a prudent person that she committed an offense, regardless of whether the video was later proven to be altered. (Rec. Doc. 28-1, at 10). Therefore, the Sheriff Defendants argue, Plaintiff failed to allege facts proving the officer lacked probable cause at the time of the arrest, so she failed to plead sufficient facts to support a claim for unlawful arrest. *Id.*

In her more definite statement in response to the motion, Plaintiff reiterates that, although music was not playing when he arrived at Plaintiff's house, the Sheriff's Deputy placed her under arrest upon seeing the video showing Plaintiff violating her TPO. (Rec. Doc. 30, at 2). Again, a showing of no probable cause is required to raise a false arrest claim. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* at 655-656 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)) (internal quotation marks omitted). In this case, at the moment

9

of the arrest, Plaintiff has failed to plead that the circumstances within the officer's knowledge were insufficient to conclude she had violated the TPO. Accordingly, Plaintiff's second false arrest claim must also be dismissed.

## II. The DA Defendants' motion

In Count Three and Count Five of her Complaint, Plaintiff brings claims for malicious prosecution against the DA Defendants arising out of a November 9, 2021 trial that ended in a finding of guilty and a May 23, 2022 trial that ended in a finding of not guilty. (Rec. Doc. 29-1, at 2). Count Three alleges that Will Macke and Taylro Nicholson "maliciously and knowingly" summoned Plaintiff to numerous appearances in court, forced Plaintiff to hire counsel and several expert witnesses, and put Plaintiff through the trauma and stress of an unwarranted trial and guilty verdict. (Rec. Doc. 1, at 11). Count Five alleges that Darrell Sims and Patricia Amos "repeated the same process carried out during the first unlawful case," including misrepresenting the altered video. *Id.* at 12-13.

In their motion to dismiss, the DA Defendants argue that they are protected from civil suit under the doctrine of absolute immunity because their actions were clearly taken in their roles as prosecutors for the State. (Rec. Doc. 29-1, at 2). They also argue that Plaintiff's § 1983 claims against the DA defendants stem from two prosecutions that both terminated more than one year prior to the date Plaintiff filed her complaint, so her complaint is prescribed on its face. *Id.* at 7.

The Supreme Court and Fifth Circuit recently confirmed that plaintiffs may bring Fourth Amendment malicious prosecution claims under § 1983. *Thompson v.*

10

*Clark*, 596 U.S. 36, 42 (2022); *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023). To assert a Fourth Amendment malicious prosecution claim, a party must prove the threshold element of an unlawful Fourth Amendment seizure as well as the six elements required for a state-law claim of malicious prosecution: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong*, 60 F.4th at 279 (quoting *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002)). No affirmative indication of innocence is necessary to prove a Fourth Amendment malicious prosecution claim. *Thompson*, 142 S. Ct. at 1341.

For a § 1983 claim, the statute of limitations for a suit is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Louisiana, the prescriptive period for personal injury actions applicable to § 1983 claims is one year. La. Civ. Code art. 3492. A malicious prosecution claim is based on detention and the wrongful institution of legal process, and the claim does not accrue until the prosecution ends in the plaintiff's favor. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)).

In this case, Plaintiff's first trial on November 9, 2021 ended in a guilty verdict, which is not a termination in favor of the plaintiff. Accordingly, Plaintiff's first malicious prosecution claim (Count Three) must be dismissed.

However, the allegedly malicious prosecution claim in Count Five terminated in a not guilty verdict on May 23, 2022. Thus, Plaintiff's claim accrued on May 23, 2022 when the prosecution terminated in her favor, and the claim prescribed one year later on May 23, 2023, months before she filed the instant complaint on September 5, 2023. Accordingly, the claim in Count Five is prescribed on its face.

When a complaint is prescribed on its face, the plaintiff has the burden to show that prescription has been interrupted. *Jinright v. Glass*, 954 So. 2d 174, 177 (La. App. 5 Cir. 2007). In her opposition, Plaintiff argues that, because she filed a complaint in February 2023 in the United States District Court for the Eastern District of Arkansas, that filing "tolled the statute of limitations." (Rec. Doc. 31, at 2). In addition to the lengths of statutes of limitations, federal courts refer to state law for tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–539 (1989)). Under Louisiana law, prescription is interrupted by the filing of suit in a court of competent jurisdiction, but if an action is filed in a court lacking jurisdiction or proper venue, the prescription is interrupted only by service of citation. *Washington v. Breaux*, 782 F.2d 553, 554 (5th Cir. 1986); La. Civ. Code art. 3462; *see also Jinright*, 954 So. 2d at 178 ("In order to interrupt prescription by service of process, it is essential that the defendant be served").

Here, the District Court for the Eastern District of Arkansas dismissed Plaintiff's complaint without prejudice because neither general nor specific jurisdiction existed over the Louisiana defendants. *Piliego*, 2023 WL 5097901 at *3-4. Thus, the District Court for the Eastern District of Arkansas is not a court of

12

competent jurisdiction, so Plaintiff must prove that her Arkansas complaint was properly served on the DA Defendants to interrupt prescription. In her opposition, Plaintiff did not prove that her Arkansas lawsuit was served on the DA Defendants. Further, the DA Defendants submitted declarations from each defendant stating that they did not receive service of the suit and had not authorized any individual to receive service of process on their behalf. (Rec. Doc. 39-1).

Moreover, prosecutors enjoy absolute immunity for acts within the scope of his duties, even when they act maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F. 2d 895, 897 (5th Cir. 1987); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). In Count Five, Plaintiff asserts claims against the DA Defendants for acts they took in connection with initiating and pursuing a prosecution: issuing court summons, requiring a defendant to attend criminal proceedings, and participating in a trial. (Rec. Doc. 1, at 12-13). All of these actions are an integral part of the judicial process, and therefore the DA Defendants are sheltered by absolute immunity from suit regarding these acts. Therefore, for the foregoing reasons, Plaintiff's claims against the DA Defendants (Count Three and Count Five) must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss **(Rec. Docs. 28, 29)** are **GRANTED**. Plaintiffs' claims are dismissed with prejudice.

New Orleans, Louisiana, this 7th day of December, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

**TO THE CLERK OF COURT**
**Please mail a copy of this Order to:**
**Kayle J Piliego**
**10859 AR 7S**
**Jasper, AR 72641**
**917-588-5172**
**PRO SE**